**Ince KRISNA and Wibowo Hartono Krisna, Petitioners,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 05–6449–ag.

United States Court of Appeals, Second Circuit.

April 4, 2007.

Theodore N. Cox, New York, New York, for Petitioner.

Rosa Emilia Rodriguez Velez, United States Attorney, Nelson Perez–Sosa, Assistant United States Attorney, German A. Rieckehoff, Assistant United States Attorney, San Juan, Puerto Rico, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Ince Krisna ("Krisna") and Wibowo Hartono Krisna, natives and citizens of Indonesia, seek review of a November 7, 2005, order of the BIA denying their motion to reopen removal proceedings. *In re Ince Krisna Wibowo Hartono Krisna,* No. A97 485 116/A96 426 221 (B.I.A. Nov. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

As an initial matter, we lack jurisdiction to review a decision of the BIA not to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary." *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

Moreover, the BIA did not abuse its discretion in finding that Krisna failed to "demonstrat[e] through material evidence that conditions in Indonesia have changed so as to warrant the reopening of proceedings." The regulations require a motion to reopen to be accompanied by affidavits or other evidence that is "material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Although the 2004 U.S. Department of State Report Krisna submitted with her motion became available only after her hearing before the Immigration Judge, the BIA found that "[t]he evidence submitted shows that religious and ethnic violence continues in Indonesia but does not show that the turmoil and violence which has occurred in Indonesia since the respondents' July 12, 2004, hearing has worsened."

This finding was supported by the record, as the State Department report indicates that "[i]nstances of discrimination and harassment of ethnic Chinese Indonesians declined compared with previous years." Without more evidence to demonstrate that conditions in Indonesia have worsened for ethnic Chinese Indonesians, the BIA's denial was neither arbitrary nor capricious. *See Ke Zhen Zhao,* 265 F.3d at 93. Accordingly, the BIA did not abuse its discretion in denying Krisna's motion.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motions for a stay of removal in this petition are DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).